**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| -vs- ) | No. <u>CR-24-146-R</u> |
| ) | |
| **CHONG IU PHU,** ) | |
| **MATTHEW ALAN STACY, and** ) | |
| **CHAHN IU PHU,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>ORDER</u>

Before the Court is the parties' Joint Motion to Continue Trial and to Extend Trial Deadlines (Doc. 69). For the reasons set forth herein, the Court finds the motions should be granted.

The parties are requesting a continuance to the June 2025 trial docket, citing complexity of the case. The Motion notes that the charged conspiracies in this case span several years; that the initial production of discovery was approximately 520 gigabytes and could grow. The Motion also states that discovery also includes thousands of pages of documents comprising applications for medical marijuana licenses with the Oklahoma Medical Marijuana Authority and the Oklahoma Bureau of Narcotics and Dangerous Drugs, records which the parties believe are at the center of this case. Finally, there are also thousands of pages of bank documents and documents underlying real estate transactions. The parties believe that a continuance to the June 2025 trial docket is

necessary for counsel to receive discovery, address any preliminary discovery matters, and discuss all available options with the Defendants.  The parties also submit that they will submit a proposed scheduling order.

Considering the representation of the parties, the Court finds that the ends of justice are served by the granting of a continuance in this matter and outweigh the best interest of the public and of the defendants in a speedy trial. *See,* 18 U.S.C. §3161(h)(7)(A).  In making this determination, the Court has specifically considered the length of delay, the reason for delay, the defendants' assertion of their rights, any prejudice to the defendants, and other relevant circumstances. Additionally, the Court has considered whether: "the failure to grant a continuance would . . .likely make continuation of [the] proceeding impossible, or result in a miscarriage of justice;" and failing to grant a continuance, "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation." *United States v. Toombs,* 574 F.3d 1262, 1268-69 (10th Cir. 2009), *quoting* 18 U.S.C. §3161(h)(B)(i)-(iv).

The Court finds that, due to the circumstances, granting the motion to continue the trial is in the best interest of justice. Accordingly, the Defendants' trial shall be set for the June 2025 trial docket.  **The parties shall submit a proposed scheduling order by July 5, 2024.**

IT IS SO ORDERED this 24th day of June, 2024.

2

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

3