# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| -vs- | ) | No. **CR-24-146-R** |
| | ) | |
| CHONG IU PHU, | ) | |
| CHANH IU PHU, and | ) | |
| MATHEW ALAN STACY, | ) | |
| | ) | |
| **Defendants.** | ) | |

## JOINT STATUS REPORT

Pursuant to the Court's order (Doc. 223) directing the parties to file a joint status report briefly setting out their respective positions regarding the effect of Mr. Stacy's Notice of Interlocutory Appeal, the parties state as follows.

### Jurisdictional Matters

**The United States maintains that this Court retains jurisdiction over the remaining issues in this case, including the trial**. "'Ordinarily an interlocutory injunction appeal under 1292(a)(1) does not defeat the power of the trial court to proceed further with the case.'" *Free Speech v. Fed. Election Comm'n*, 720 F.3d 788, 791 (10th Cir. 2013) (quoting 16 C. Wright, A. Miller, E. Cooper, *Federal Practice and Procedure*, § 3921.2). "The power to proceed toward decision of the merits was clearly established by the original interlocutory injunction appeal statute, which provided that once the appeal was taken, 'the proceeding in other respects in the court below shall not be stayed unless

otherwise ordered by the court during the pendency of such appeal.'"  16 C. Wright, A. Miller, E. Cooper, *Federal Practice and Procedure*, § 3921.2; *see also Nat'l Enameling & Stamping Co.*, 201 U.S. 156, 162 (1906) (referring to the interlocutory appeal statute, "It was not intended that the cause as a whole should be transferred to the appellate court prior to the final decree.  The case, except for the hearing on the appeal from the interlocutory order, is to proceed in the lower court as though no such appeal had been taken, unless otherwise specially ordered.").  In short, the Government maintains that the Court retains jurisdiction unless and until the Tenth Circuit stays these proceedings.

**Defendants Chong Iu Phu and Chanh Iu Phu do not take a position on whether the Court retains jurisdiction**.

**Defendant Matthew Alan Stacy maintains that the Court does not retain jurisdiction to address any matter before it**.  For reasons to be outlined in a stand-alone pleading, Mr. Stacy respectfully submits that a stay of these proceedings is mandated.  *See, e.g.*, *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982*); Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990).  Indeed, stays were imposed in both *United States v. Bilodeau*, No. 18-CR-63 (D. Me.) and *United States v. Kynaston*, No. 12-CR-16 (E.D. Wash. Apr. 8, 2015), and no substantive action was taken in the prosecutions of the appealing defendants in either *United States v. McIntosh*, No. 14-CR-16 (N.D. Cal.) or *United States v. Lovan*, No. 13-CR-294 (E.D. Cal.) during the interlocutory appeals in those matters.  Moreover, as to be addressed in Mr. Stacy's motion to stay, Mr. Stacy maintains that the government's reliance on cases and authority addressing preliminary injunctions is misplaced, as Mr. Stacy's appeal concerns a request for

a permanent injunction of the very litigation that the government seeks to pursue during the pendency of the appeal.

**Effect on Pending Deadlines**

The **United States and all Defendants** do not believe it would serve the parties to conduct a James hearing on April 1, 2025, as initially discussed in correspondence with the Court's deputy.  The parties all agree that they could benefit from a limited continuance from the June docket in order to better litigate motions with upcoming deadlines.  Should the Court continue to exercise jurisdiction and proceed towards trial, the parties anticipate moving for a brief continuance and submitting a new proposed scheduling order.

Respectfully submitted,


s/      Todd S. Pugh                           s/      Josh Welch
TODD S. PUGH                                  JOSH WELCH, OBA #17214
Breen & Pugh                                  DEGIUSTI & WELCH PLLC
53 W. Jackson Blvd., Ste 1550                 3721 N. Classen Blvd
Chicago, IL 60604                             Oklahoma City, OK 73118
Telephone:  312-360-1001                      Telephone: 405-778-3098
Email: tpugh@breenpughlaw.com                 Email:  josh@dwlegal.law
*Attorney for Defendant Chong Phu*            *Attorney for Defendant Stacy*


s/      Patrick William Blegen                s/      Robert Goldstein
PATRICK WILLIAM BLEGEN                        ROBERT GOLDSTEIN, Mass. Bar #630584
Blegen & Associates                           GOLDSTEIN LAW FIRM
53 West Jackson Blvd., Suite 1424             20 Park Plaza, Suite 1000
Chicago, IL 60604                             Boston, MA 02116
Telephone: 312-957-0100                       Telephone: 617-742-9015
Email: pblegen@blegengarvey.com               Email:  rmg@goldstein-lawfirm.com
*Attorney for Defendant Chong Phu*            *Attorney for Defendant Stacy*

s/    Robert S. Jackson
ROBERT S. JACKSON
1300 NW 10th St.
Oklahoma City, OK 73106
Telephone:  405-602-8614
Email: bob@bobjacksonlaw.com
*Attorney for Defendant Chong Phu*

s/    Robert D. Gifford, II
ROBERT D. GIFFORD, II  (OBA #17034)
Gifford Law PLLC
P.O. Box 2682
Oklahoma City, OK 73101-2682
Telephone:  405-778-4647
Email:  robert.gifford@giffordlawyer.com
*Attorney for Defendant Chanh Iu Phu*

s/    Nick Coffey
NICK COFFEY, OBA #32754
Assistant United States Attorney
210 Park Ave., Suite 400
Oklahoma City, OK 73102
Telephone: 405-553-8750
Email: nicholas.coffey2@usdoj.gov
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants: All attorneys on record.

s/ *Nick Coffey*
NICK COFFEY
Assistant United States Attorney

4